UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

       Case Number 07-20265
       Honorable David M. Lawson

THOMAS VANBUHLER,

       Defendant.
_____/

## OPINION AND ORDER ALLOWING SENTENCE ENHANCEMENT AND SETTING SENTENCING DATE

The defendant, Thomas Vanbuhler, pleaded guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4) and presently is awaiting sentencing. The statute calls for a custody sentence of "not more than 10 years"; however, if the defendant "has a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward . . . such person shall be fined under this title and imprisoned for not less than 10 years nor more than 20 years." 18 U.S.C. § 2252(b)(2). The plea agreement in this case contains an agreement that the minimum sentence will be 10 years, despite a lower Sentencing Guideline range. The parties also agreed to submit the question of the applicability of the sentence enhancement provision – and therefore the potentially higher maximum sentence and mandatory minimum sentence – to the Court for a decision.

It is undisputed that Vanbuhler was convicted of fourth-degree criminal sexual conduct in the Wayne County, Michigan circuit court on his plea of *nolo contendere* entered July 10, 2003. However, he argues that this conviction cannot be used to enhance his sentence because it was obtained by a *nolo contendere* plea and there has never been an adjudication that the prior crime

involved the sexual abuse *of a minor*, which is a necessary element for the prior conviction to be a qualifying offense under section 2252(b)(2).

Both parties agree that the determination whether a prior conviction is a qualifying offense for the purpose of enhancing a sentence requires application of a "categorical approach," which has been used consistently in the context of establishing career offender status at sentencing. *See, e.g., United States v. Lancaster*, 501 F.3d 673, 675 (6th Cir. 2007) (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990); *United States v. Flores*, 477 F.3d 431, 434 (6th Cir. 2007); *United States v. Armstead*, 467 F.3d 943, 947 (6th Cir. 2006)). In *United States v. McGrattan*, 504 F.3d 608 (6th Cir. 2007), the Sixth Circuit held that the same analytical framework should be used to determine whether a sentence should be enhanced in child pornography cases. *Id.* at 612. The statute considered in *McGrattan*, 18 U.S.C. § 2252A(b)(1), is syntactically identical to the statute involved in the present case.

The categorical approach calls first for "an examination of the fact of conviction and the statutory definition of the predicate offense." *United States v. Arnold*, 58 F.3d 1117, 1121 (6th Cir. 1995) (citing *Taylor v. United States*, 495 U.S. 575, 602 (1990)). Under this approach, "it is not only impermissible, but pointless, for the court to look through to the defendant's actual criminal conduct." *United States v. John*, 936 F.2d 764, 767 (3d Cir. 1991); *see also Lancaster*, 501 F.3d at 675 (holding that the categorical approach does not permit looking at "the particular facts underlying those convictions"). Of course, the government bears the burden of establishing the defendant's prior conviction is a qualifying offense. *See United States v. Crowell*, 997 F.2d 146, 149-50 (6th Cir. 1993). However, where examination of the statute does not clearly establish whether the prior conviction is qualifying, the appellate courts allow the inquiry to proceed one level deeper to the

examination of other documents. In *Shephard v. United States*, 544 U.S. 12 (2005), the Supreme Court clarified the types of documents that can be consulted when the prior conviction results from a guilty plea rather than a trial. The Court determined that "a later court . . . is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Id.* at 16. As observed by the *McGrattan* court, "[t]he [Supreme] Court limited the evidence the court may consider because of concerns that allowing a judge to resolve a 'disputed finding of fact' based on a prior plea would present a 'serious risk[] of unconstitutionality' by raising the sentencing ceiling without the constitutionally-mandated jury finding." *McGrattan*, 504 F.3d at 611 (quoting *Shepard*, 544 U.S. at 25-26).

As noted, the defendant's prior conviction is for fourth-degree criminal sexual conduct in violation of Michigan Compiled Laws § 750.520e. That statute states:

> (1) A person is guilty of criminal sexual conduct in the fourth degree if he or she engages in sexual contact with another person and if any of the following circumstances exist:
> (a) That other person is at least 13 years of age but less than 16 years of age, and the actor is 5 or more years older than that other person.
> (b) Force or coercion is used to accomplish the sexual contact. Force or coercion includes, but is not limited to, any of the following circumstances:
>> (i) When the actor overcomes the victim through the actual application of physical force or physical violence.
>> (ii) When the actor coerces the victim to submit by threatening to use force or violence on the victim, and the victim believes that the actor has the present ability to execute that threat.
>> (iii) When the actor coerces the victim to submit by threatening to retaliate in the future against the victim, or any other person, and the victim believes that the actor has the ability to execute that threat. As used in this subparagraph, "to retaliate" includes threats of physical punishment, kidnapping, or extortion.
>> (iv) When the actor engages in the medical treatment or examination of the victim in a manner or for purposes which are medically recognized as unethical or unacceptable.

> > (v) When the actor achieves the sexual contact through concealment or by the element of surprise.
>
> (c) The actor knows or has reason to know that the victim is mentally incapable, mentally incapacitated, or physically helpless.
>
> (d) That other person is related to the actor by blood or affinity to the third degree and the sexual contact occurs under circumstances not otherwise prohibited by this chapter. It is an affirmative defense to a prosecution under this subdivision that the other person was in a position of authority over the defendant and used this authority to coerce the defendant to violate this subdivision. The defendant has the burden of proving this defense by a preponderance of the evidence. This subdivision does not apply if both persons are lawfully married to each other at the time of the alleged violation.
>
> (e) The actor is a mental health professional and the sexual contact occurs during or within 2 years after the period in which the victim is his or her client or patient and not his or her spouse. The consent of the victim is not a defense to a prosecution under this subdivision. A prosecution under this subsection shall not be used as evidence that the victim is mentally incompetent.
>
> (f) That other person is at least 16 years of age but less than 18 years of age and a student at a public or nonpublic school, and the actor is a teacher, substitute teacher, or administrator of that public or nonpublic school. This subdivision does not apply if the other person is emancipated or if both persons are lawfully married to each other at the time of the alleged violation.
>
> (2) Criminal sexual conduct in the fourth degree is a misdemeanor punishable by imprisonment for not more than 2 years or a fine of not more than $500.00, or both.

Mich. Comp. Laws § 750.520e.

As can be seen, the statute punishes "sexual contact" under a variety of aggravating circumstances, two of which require proof that the victim was under eighteen years old, that is, a minor; and several others in which the age of the victim is not an element. In order for the prior conviction to be a qualifying offense under 18 U.S.C. § 2252(b)(2), it must entail "abusive sexual conduct involving a minor." "Sexual contact" is defined by state law as "the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification, done for a sexual purpose, or in a sexual manner for: (i) Revenge[;] (ii) To inflict humiliation[; or] (iii) Out of anger." Mich.

Comp. Laws § 750.520a(o). The defendant's prior conviction plainly involved "abusive sexual conduct" within the meaning of section 2252(b)(2). However, it is equally apparent from the text of the state statute that it punishes both qualifying and non-qualifying conduct since the previous offense may but need not involve a minor victim.

At this point, then, application of the categorical approach requires that we turn to other sources to determine the facts necessary to sustain the prior conviction in the defendant's case. As noted above, when the prior conviction resulted from a jury trial, the Supreme Court instructs sentencing courts to consider "the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant." *Taylor v. United States*, 495 U.S. 575, 602 (1990). In cases, such as the present one, that involve convictions by other means, *Shepard* provides additional guidance:

> The [*Taylor*] Court did not, however, purport to limit adequate judicial record evidence strictly to charges and instructions, . . . since a conviction might follow trial to a judge alone or a plea of guilty. . . . [I]n pleaded cases [the closest analogs to jury instructions] would be the statement of factual basis for the charge, Fed. Rule Crim. Proc. 11(a)(3), shown by a transcript of plea colloquy or by written plea agreement presented to the court, or by a record of comparable findings of fact adopted by the defendant upon entering the plea.

*Shepard*, 544 U.S. at 20. The Court held that a sentencing court may not consider a police report to determine the conduct for the guilty plea, but "is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Id.* at 26.

The defendant argues that the "charging document" is no help in this case because the plea bargaining process in the state court never produced one. The Court agrees. It appears that the

defendant originally was charged with second-degree criminal sexual conduct. The felony warrant charges that the defendant "did engage in sexual contact with another person, to-wit: [victim's name], said person being under 13 years of age." Govt.'s Resp. Br., Ex. 1. The state law defining second-degree criminal sexual conduct includes as an aggravating factor that the victim "is under 13 years of age." Mich. Comp. Laws § 750.520c(1)(a). However, the defendant did not plead guilty to that charge and he was never convicted of it. Instead, the parties to the state proceeding signed a "Pretrial Settlement Offer" form and the defendant entered a *nolo contendere* plea to fourth-degree criminal sexual conduct. No amended complaint, warrant, information, or indictment was ever filed reflecting the new charge.

The closest thing that we have to a charging document, then, is the settlement form, which the defendant signed. That form states that there was a "charge reduction" to "CSC 4," with a sentence agreement of "probation, no jail time, sex offender counseling, no unsupervised contact with minors, no contact with complainant." Govt.'s Resp. Br., Ex. 2. That documents sheds no light on which of the aggravating elements in Mich. Comp. Laws § 750.520e the state prosecutor or the state court relied upon in determining guilt.

Because there is no helpful charging document, and the plea agreement provides no insight as to the elements of the actual offense of conviction, the Court must examine other permissible documents to attempt to ascertain that information, which, according to *Shepard*, includes a "transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." 544 U.S. at 26. The plea hearing transcript discloses the following:

> THE COURT: Now what is the basis of the no contest plea?
> [Defense counsel] MR. BAIN: The police report, your Honor.

>     THE COURT: And there's a belief that there would be civil liability?
>     MR. BAIN: Yes, I'm sorry yes.
>     THE COURT: Would you indicate into the record the evidence based on the offer to support this plea at this time.
>     [Prosecutor] MR. ELIZONDO: Certainly, your Honor. I believe counsel is willing to stipulate to the following facts which are taken from the investigators report. That is on or about September 14th, 2002 at [victim's address], City of Livonia, Wayne County Michigan, the defendant was present at a party with the complainant that being [victim's name] who was age 11.
>     At some time during the course of that party he picked the complainant up and place[d] her on this lap and put his hands under her sweater fondling her breast.
>     And I believe that would be a significant basis a factual basis.
>     THE COURT: Do you agree.
>     MR. BAIN: I agree, your honor.
>     THE COURT: All right.
>     Based upon the evidence that has been presented this morning the Court finds that the defendant would at least be found guilty of what he is pleading to.
>     The Court will accept the plea of no contest.

Def.'s Memo Br. in Regard to Enhancement Provision, Ex. 2, Jul. 11, 2003, Tr. 7-9.

The defendant contends that this colloquy will not suffice to establish that the prior offense involved a minor because the defendant never assented to it, as is the custom when the plea is one of *nolo contendere*. The defendant relies heavily on *Lichon v. American Universal Ins. Co.*, 435 Mich. 408, 459 N.W.2d 288 (1990), a case in which the state court determined the effect of a *nolo contendere*-based conviction in a subsequent civil action arising from the same occurrence. In that case, Lichon had been convicted of arson of his business premises after pleading *nolo contendere* to that charge. He then brought an action against his insurance company to recover losses arising from that same fire, and the insurance company sought to interpose Lichon's arson conviction to establish that he intentionally set the fire. The court held that under Michigan law, specifically Michigan Rules of Evidence 410 (which at the time stated that "a plea of nolo contendere . . . is not admissible in any civil or criminal proceeding against the person who made the plea") and 803(22) (which created a hearsay exception for "a final judgment, entered after a trial or upon a plea of guilty

(but not upon a plea of nolo contendere), adjudging a person guilty of a crime punishable by death or imprisonment in excess of one year, to prove any fact essential to sustain the judgment"), a defendant who pleaded *nolo contendere* to arson was not judicially estopped from denying responsibility for the fire. The decision prompted a change in Michigan's Rule 410 in 1991 to allow the use of such pleas and convictions in civil cases defensively, that is, "to support a defense against a claim asserted by the person who entered the plea." Mich. R. Evid. 410(1).

But the defendant has a point here, as well. *Nolo contendere* means "I will not contest it." *Lichon*, 435 Mich. at 418, 459 N.W.2d at 293 (citing Black's Law Dictionary (5th ed.), p. 945). As the Michigan Supreme Court explains,

> The primary purpose of a plea of nolo contendere is to avoid potential future repercussions which would be caused by the admission of liability, particularly the repercussions in potential future civil litigation. *Guilty Plea Cases*, 395 Mich. 96, 134, 235 N.W.2d 132 (1975). A nolo contendere plea does not admit guilt, it merely communicates to the court that the criminal defendant does not wish to contest the state's accusations and will acquiesce in the imposition of punishment.

*Id.* at 417, 459 N.W.2d 293. Consequently, it cannot be said that the plea colloquy at a *nolo contendere* plea hearing constitutes a "transcript of colloquy between judge and defendant in which the factual basis for the plea *was confirmed by the defendant*," as *Shepard* requires. 544 U.S. at 26 (emphasis added). By its very nature, the *nolo contendere* plea does not require the defendant to admit *any* facts.

But that does not end the inquiry, since the concern of the *Shepard* Court was not merely whether the defendant himself *admitted* the prior facts, but whether there was a proper basis, consistent with the Sixth Amendment, for a judicial determination of the facts necessary to find that the prior offense qualified to enhance the subsequent sentence. In other words, if the defendant does not actually admit the necessary facts, there must be "some comparable judicial record of this

information" upon which it can be determined that the facts establishing the offense as a qualifying conviction were necessarily found by the prior court. *Id.* at 26.

Under Michigan law, the judge taking a *nolo contendere* plea must determine guilt based on the record. The Michigan Court Rule requires the trial court to undertake an analysis to ensure that a plea is based in fact:

> (2) If the defendant pleads nolo contendere, the court may not question the defendant about participation in the crime. The court must:
> (a) state why a plea of nolo contendere is appropriate; and
> (b) hold a hearing, unless there has been one, that establishes support for a finding that the defendant is guilty of the offense charged or the offense to which the defendant is pleading.

Mich. Ct. R. 6.302(D). "Although a no-contest plea cannot be used as an admission, it nevertheless forms the basis of a conviction that can be used to impeach, just as a conviction following a not-guilty plea and trial can be used to impeach credibility." *Shuler v. Michigan Physicians Mut. Liability Co.*, 260 Mich. App. 492, 512, 679 N.W.2d 106, 118 (2004) (citing *United States v. Williams*, 642 F.2d 136, 139 (5th Cir. 1981)).

The Sixth Circuit has repeatedly held that "[p]leading nolo contendere has similar legal effect in this context as pleading guilty." *United States v. Armstead*, 467 F.3d 943, 949 n. 2 (6th Cir. 2006). In one case, the Sixth Circuit decided that "the state criminal complaint, a transcript of the state plea proceedings, and [the defendant's] acceptance in those proceedings of the factual statements in the complaint" provided a sufficient basis under *Taylor* and *Shepard* for a penalty enhancement under 18 U.S.C. § 2241(c). *United States v. Kappell*, 418 F.3d 550, 560 (6th Cir. 2005).

Based on the plea record, then, could the Michigan state judge have found Vanbuhler guilty of fourth-degree criminal sexual conduct without necessarily determining that the offense involved

a minor? To answer that question, we must examine the statutory elements. As noted earlier, the aggravating elements that render sexual contact violative of the statute include the following circumstances: (1) the victim is between 13 and 16 years old – that is, a minor; (2) force or coercion is used; (3) the victim is mentally or physically helpless; (4) the victim is closely related to the actor; (5) the actor is a mental health professional and the victim is his or her patient; and (6) the actor is a school teacher and the victim is his or her student and between 16 and 18 years old. Mich. Comp. Laws § 750.520e(1)(a)-(f). If the state record allows conviction of this crime under any of these aggravating elements that do not involve a minor, then it cannot be said that the judgment of guilt *necessarily* requires the determination that a minor was involved. However, of these aggravating elements, the only possible one that could have been found by the state judge from the statements in the record is the first.

That the facts of the case were taken from the police report presents no obstacle here. The statements from that report were received in evidence without objection, and therefore they were made part of the judicial record. The record contains an agreement by the defendant's attorney that the facts recited by the prosecutor were established. Those facts, it is true, proved that the victim was 11 years old, not between 13 and 16, as the statute recites. Had there been other evidence in the record that also proved the crime – such as proof that the victim was related to the defendant, or that force or coercion were used – then it might be reasonable to conclude that the state judge relied on other facts to convict and the judgment of guilt would not *necessarily* prove that a minor was involved. However, a victim who is 11 years old is also less than 16 years old, and there is no alternate basis to support the conviction justified by the state court record. The Court must conclude, therefore, that the "comparable judicial record" of the *nolo contendere* plea proceedings

establishes that the prior offense involved a minor, and that fact was necessary to support the conviction.

The Court finds, therefore, that the defendant's prior conviction qualifies as an offense "under the laws of any State relating to . . . abusive sexual conduct involving a minor" within the meaning of 18 U.S.C. § 2252(b)(2).

Accordingly, it is **ORDERED** that the sentence enhancement provision of 18 U.S.C. § 2252(b)(2) is applicable in this case and the statutory penalty includes a mandatory minimum sentence of 10 years in custody and a maximum term of 20 years.

It is further **ORDERED** that the parties shall appear for sentencing on **June 16, 2008 at 10:30 a.m.**

    s/David M. Lawson  
    DAVID M. LAWSON  
    United States District Judge

Dated: May 19, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 19, 2008.

    s/Felicia M. Moses  
    FELICIA M. MOSES