UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS VANBUHLER,

                            Petitioner,

v.

UNITED STATES OF AMERICA,

                            Respondent.

Criminal Case Number 07-20265
Civil Case Number 14-11822
Honorable David M. Lawson

_____/

## **OPINION AND ORDER DENYING MOTION TO VACATE SENTENCE**

Petitioner Thomas Vanbuhler has filed a motion to vacate his sentence under 28 U.S.C. § 2255, renewing a challenge to the use of an earlier state court conviction to enhance the penalty for possession of child pornography, to which he pleaded guilty in 2007 and was sentenced in 2008. Although his petition was filed well beyond the one-year statute of limitations, as measured from the date Vanbuhler's conviction became final, he argues that subsequent decisions by the Supreme Court extended the statutory deadline, and that those decisions required the disqualification of his prior state court conviction as a penalty enhancer. The Supreme Court cases Vanbuhler cites either did not announce a new rule that is helpful to him, or they were not made retroactively applicable to cases on collateral review. Therefore, the Court will deny the motion.

I.

Vanbuhler pleaded guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4) (2006) on August 28, 2007. The statute called for a custody sentence of "not more than 10 years"; however, if the defendant "has a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward . . . such person shall be fined under this title and imprisoned for not less than 10 years nor

more than 20 years." 18 U.S.C. § 2252(b)(2) (2006). The plea agreement in this case contained an agreement that the minimum sentence will be 10 years, despite a lower Sentencing Guideline range, subject to the Court's determination of Vanbuhler's challenge to the penalty enhancement issue.

Four years before Vanbuhler entered his guilty plea in this case, he was convicted in a Michigan court of fourth-degree sexual conduct under Michigan Compiled Laws § 750.520e (2003) on a plea of *nolo contendere*. The question whether that state court conviction could trigger the sentence enhancement under 18 U.S.C. § 2252(b)(2) was fully litigated in this Court, resulting in a decision unfavorable to Vanbuhler's position. *United States v. Vanbuhler*, 558 F. Supp. 2d 760, 767 (E.D. Mich. 2008) (holding "that the defendant's prior conviction qualifies as an offense 'under the laws of any State relating to . . . abusive sexual conduct involving a minor' within the meaning of 18 U.S.C. § 2252(b)(2)"). Because Michigan's fourth-degree criminal sexual conduct statute has a "divisible" structure, the Court used the "modified categorical approach," *see Mathis v. United States*, --- U.S. ---, 136 S. Ct. 2243, 2249 (2016) (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005)). "Under that approach, a sentencing court looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of[,] . . . [and] then compare[s] that crime . . . with the relevant generic offense." *Ibid.* (citing *Taylor v. United States*, 495 U.S. 575, 602 (1990)). In this case, the Court referred to the state court plea colloquy of Vanbuhler's *nolo contendere* plea.

On June 24, 2008, the Court sentenced Vanbuhler to 120 months in custody, to be followed by five years of supervised release. He did not appeal his conviction. He filed the present motion to vacate his sentence on May 6, 2014.

II.

A federal prisoner challenging his sentence under section 2255 must show that the sentence "was imposed in violation of the Constitution or laws of the United States," the sentencing court lacked jurisdiction, the sentence exceeded the maximum penalty allowed by law, or "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Section 2255 has a one-year statute of limitations, which is measured from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Vanbuhler filed his motion well beyond the one-year deadline following the finality of his conviction. A federal criminal judgment that is not appealed becomes final for the purpose of section 2255 14 days after it is entered, that is, when the time for filing a direct appeal expires. Fed. R. App. P. 4(b)(1); *Sanchez-Castellano v. United States*, 358 F.3d 424, 427-28 (6th Cir. 2004). As noted above, the petitioner was sentenced on June 24, 2008. He did not file a direct appeal. His conviction became final on July 8, 2008. He did not file the present motion until May 6, 2014. Therefore, unless one of the other provisions in the limitations section of the statute applies, the petitioner's motion must be dismissed.

Vanbuhler does not suggest that the government created an impediment to filing, or that new facts have come to light. He does argue, however, that two Supreme Court cases decided after his sentence date may provide him with some relief. However, he still faces a problem with that argument: one of the decisions did not announce a "new" right, and the other has not been made retroactive.

A.

The petitioner argues that the Supreme Court announced a new rule in *Alleyne v. United States*, --- U.S. ---, 133 S. Ct. 2151 (2013), that favors his position. That case extended the rule of *Apprendi v. New Jersey*, 530 U.S. 446 (2000), in which the Court addressed the distinction between an "element" of an offense and a "sentencing factor." The Court held that a sentencing judge cannot increase the maximum penalty that a defendant faces based on facts that have not been admitted by the defendant or "submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Facts that do increase the potential maximum sentence that a defendant might face, the Court held, were "elemental," *id.* at 490, and subject to the manner and degree of proof required by the Sixth amendment.

In *Harris v. United States*, 536 U.S. 545 (2002), the Court held that the rule of *Apprendi* did not apply to facts that increased a defendant's mandatory minimum sentence. But the Supreme Court reversed that decision in *Alleyne*. *See* 133 S. Ct. at 2155 (holding that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt," and that because "[m]andatory minimum sentences increase the penalty for a crime[,] . . . any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury").

Notably, neither *Apprendi* nor *Alleyne* upset the Court's previous decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), which held that a sentencing judge may rely on a defendant's prior convictions to enhance a sentence even if the fact of the conviction was not charged in the indictment, submitted to a jury, or proved beyond a reasonable doubt. The continuing viability of that decision has been questioned, *see, e.g., Apprendi*, 530 U.S. at 487, (suggesting that the case represents an "exceptional departure" from the general rule, and that "it is arguable that Almendarez-Torres was incorrectly decided"), but it has never been overruled.

In any event, *Alleyne* did not announce a new rule with respect to Vanbuhler's case. His prior conviction enhanced both his statutory mandatory minimum sentence *and* his maximum sentence. Therefore, *Harris* had no impact on the issue Vanbuhler raised at his sentence hearing, and the overruling of *Harris* by the Court in *Alleyne* created no new rule insofar as Vanbuhler is concerned.

Moreover, the Supreme Court did not state in *Alleyne* that the decision is retroactive. That case came to the Supreme Court as "a direct criminal appeal . . . and therefore did not involve a retroactive application of a rule on collateral review." *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013). And the Sixth Circuit has held that "*Alleyne* does not apply retroactively to cases on collateral review." *In re Mazzio*, 756 F.3d 487, 491 (6th Cir. 2014).

Because *Alleyne* did not announce a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," the petitioner cannot rely on 28 U.S.C. § 2255(f)(3) to restart the one-year statute of limitations for section 2255 cases.

B.

Vanbuhler also argues that 2255's statute of limitations was restarted by the Supreme Court's decision in *Descamps v. United States*, --- U.S. ---, 133 S. Ct. 2276 (2013), decided on June 20, 2013. In that case, the Court addressed how sentencing courts may determine whether a defendant's prior offense is a qualifying conviction that will enhance a sentence under the Armed Career Criminal Act (ACCA). The Court explained that a sentencing court may employ a "modified categorical approach" when examining a prior conviction under a "divisible statute." As the Court explained,

> [t]hat kind of statute sets out one or more elements of the offense in the alternative — for example, stating that burglary involves entry into a building *or* an automobile. If one alternative (say, a building) matches an element in the generic offense, but the other (say, an automobile) does not, the modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction. The court can then do what the categorical approach demands: compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime.

*Id.* at 2281. The Court held that a sentencing court may not use the modified categorical approach when the prior offense was for violating an "indivisible statute," that is, "one not containing alternative elements — that criminalizes a broader swath of conduct than the relevant generic offense." *Id.* at 2281-82 ("[W]e hold that sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements.").

*Descamps* arguably has been made retroactive to cases on collateral review. *Olten v. United States*, 134 S. Ct. 639 (2013) (vacating judgment denying certificate of appealability and remanding for further consideration in light of *Descamps*). *Olten* involved the petitioner's challenge to his two

prior burglary convictions as qualifying offenses under the ACCA. *See Olten v. United States*, 565 F. App'x 558, 562 (8th Cir. 2014); *but see In re Jackson*, 776 F.3d 292, 296 (5th Cir. 2015) (stating that "[n]othing in *Descamps* indicates that its holding announced a new rule that was constitutionally based, and *Descamps* did not announce that its holding applied retroactively to cases on collateral review"); *Graves v. United States*, 755 F.3d 588, 593 (7th Cir. 2014) (observing that "[t]o date, the Supreme Court has not made *Descamps* retroactive on collateral review").

The questions remains, however, whether *Descamps* announced a new right upon which Vanbuhler can rely to challenge his prior state court conviction as an offense that qualifies as a sentence enhancer under 18 U.S.C. § 2252(b)(2). The argument Vanbuhler makes in his present motion parrots those made and rejected by the Court prior to sentencing. He says that this Court misapplied the categorical approach by determining facts, based on the state court plea colloquy, that he did not personally admit, because his plea was not one of guilt but rather *nolo contendere*. That argument can be dispensed with easily. By acquiescing to the state's presentation of the facts at the *nolo contendere* plea hearing, a defendant necessarily consents to the court's finding that such facts have been proven. The Sixth Circuit has repeatedly held that "[p]leading nolo contendere has similar legal effect in this context as pleading guilty." *United States v. Armstead*, 467 F.3d 943, 949 n.2 (6th Cir. 2006). In one case, the Sixth Circuit decided that "the state criminal complaint, a transcript of the state plea proceedings, and [the defendant's] acceptance in those proceedings of the factual statements in the complaint" provided a sufficient basis under *Taylor* and *Shepard* for a penalty enhancement under 18 U.S.C. § 2241(c). *United States v. Kappell*, 418 F.3d 550, 560 (6th Cir. 2005).

Vanbuhler's state court *nolo contendere* plea hearing transcript discloses the following:

> THE COURT: Now what is the basis of the no contest plea?
> MR. BAIN [Defense counsel]: The police report, your Honor.
> THE COURT: And there's a belief that there would be civil liability?
> MR. BAIN: Yes, I'm sorry yes.
> THE COURT: Would you indicate into the record the evidence based on the offer to support this plea at this time.
> MR. ELIZONDO [Prosecutor]: Certainly, your Honor. I believe counsel is willing to stipulate to the following facts which are taken from the investigators report. That is on or about September 14th, 2002 at [victim's address], City of Livonia, Wayne County Michigan, the defendant was present at a party with the complainant that being [victim's name] who was age 11.
>     At some time during the course of that party he picked the complainant up and place[d] her on this lap and put his hands under her sweater fondling her breast.
>     And I believe that would be a sufficient basis a factual basis.
> THE COURT: Do you agree.
> MR. BAIN: *I agree, your honor.*
> THE COURT: All right.
>     Based upon the evidence that has been presented this morning the Court finds that the defendant would at least be found guilty of what he is pleading to.
>     The Court will accept the plea of no contest.

Def.'s Memo Br. in Regard to Enhancement Provision, Ex. 2, Jul. 11, 2003, Tr. 7-9 (emphasis added). This record easily establishes that Vanbuhler acquiesced to a factual determination that in September 2002, he had sexual contact *with a minor*. Moreover, the defendant's attorney stipulated to those facts.

As the Court explained in its earlier opinion applying the modified categorical approach, the plea colloquy was not used to determine the facts of the prior conviction, that is, that Vanbuhler actually sexually abused a minor. Instead, it was used "to find out which [offense] the defendant was convicted of." *Descamps*, 133 S. Ct. at 2285. *See Vanbuhler*, 558 F. Supp. 2d at 766 (explaining that "of these aggravating elements, the only possible one that could have been found by the state judge from the statements in the record is the [one requiring proof that the victim is a minor]").

However, the overarching question raised by Vanbuhler's citation of *Descamps* is whether the Court should have consulted the state court plea colloquy *at all*. And that question turns on two things: first, whether the state statute under which Vanbuhler was convicted previously was a "divisible statute"; and whether, as the Supreme Court has subsequently explained, that statute is "divisible" because it defines multiple alternate "elements" of an offense or merely sets out alternate "means" of commission of an element. *Mathis v. United States*, --- U.S. ---, 136 S. Ct. 2243, 2248 (2016). The modified categorical approach may be used if the former, but not the latter. To determine whether the modified categorical approach was used properly in this case, the Court must decide whether Michigan's fourth-degree criminal sexual conduct statute is "one that lists multiple elements disjunctively, [or] instead one that enumerates various factual means of committing a single element." *Id.* at 2249.

Michigan defines fourth-degree criminal sexual conduct as follows:

(1) A person is guilty of criminal sexual conduct in the fourth degree if he or she engages in sexual contact with another person and if any of the following circumstances exist:
(a) That other person is at least 13 years of age but less than 16 years of age, and the actor is 5 or more years older than that other person.
(b) Force or coercion is used to accomplish the sexual contact. Force or coercion includes, but is not limited to, any of the following circumstances:
    (i) When the actor overcomes the victim through the actual application of physical force or physical violence.
    (ii) When the actor coerces the victim to submit by threatening to use force or violence on the victim, and the victim believes that the actor has the present ability to execute that threat.
    (iii) When the actor coerces the victim to submit by threatening to retaliate in the future against the victim, or any other person, and the victim believes that the actor has the ability to execute that threat. As used in this subparagraph, "to retaliate" includes threats of physical punishment, kidnapping, or extortion.
    (iv) When the actor engages in the medical treatment or examination of the victim in a manner or for purposes which are medically recognized as unethical or unacceptable.

> > (v) When the actor achieves the sexual contact through concealment or by the element of surprise.
>
> (c) The actor knows or has reason to know that the victim is mentally incapable, mentally incapacitated, or physically helpless.
> (d) That other person is related to the actor by blood or affinity to the third degree and the sexual contact occurs under circumstances not otherwise prohibited by this chapter. It is an affirmative defense to a prosecution under this subdivision that the other person was in a position of authority over the defendant and used this authority to coerce the defendant to violate this subdivision. The defendant has the burden of proving this defense by a preponderance of the evidence. This subdivision does not apply if both persons are lawfully married to each other at the time of the alleged violation.
> (e) The actor is a mental health professional and the sexual contact occurs during or within 2 years after the period in which the victim is his or her client or patient and not his or her spouse. The consent of the victim is not a defense to a prosecution under this subdivision. A prosecution under this subsection shall not be used as evidence that the victim is mentally incompetent.
> (f) That other person is at least 16 years of age but less than 18 years of age and a student at a public or nonpublic school, and the actor is a teacher, substitute teacher, or administrator of that public or nonpublic school. This subdivision does not apply if the other person is emancipated or if both persons are lawfully married to each other at the time of the alleged violation.
> (2) Criminal sexual conduct in the fourth degree is a misdemeanor punishable by imprisonment for not more than 2 years or a fine of not more than $500.00, or both.

Mich. Comp. Laws § 750.520e (2003).

The Supreme Court has explained that "'[e]lements' are the 'constituent parts' of a crime's legal definition — the things the 'prosecution must prove to sustain a conviction.' At a trial, they are what the jury must find beyond a reasonable doubt to convict the defendant, and at a plea hearing, they are what the defendant necessarily admits when he pleads guilty." *Mathis*, 136 S. Ct. at 2248 (citations omitted).

The elements of this crime required proof of sexual contact with another person, plus one of six aggravating factors. The aggravating factors defined different crimes, not multiple means of committing a single offense. For instance, Michigan courts have held that the "elements" of fourth-degree criminal sexual conduct are "engaging in sexual contact with another person and '[t]hat other

person is at least 13 years of age but less than 16 years of age, and the actor is 5 or more years older than that other person.'" *People v. Owens*, No. 243888, 2004 WL 60294, at *1 (Mich. Ct. App. Jan. 13, 2004) (citation omitted). The court also has defined the crime as requiring proof of sexual contact, and "that the Defendant used force or coercion to commit the sexual act." *People v. Vaidya*, No. 295404, 2011 WL 14469, at *3 (Mich. Ct. App. Jan. 4, 2011). The Michigan courts tend to refer to the aggravating factors as discrete elements rather than examples of different "means" of committing the offense. *See People v. Ramirez*, No. 217841, 2001 WL 824450, at *3 (Mich. Ct. App. July 20, 2001); *see also Mathis*, 136 S. Ct. at 2249 (comparing '[a] single statute [that] list[s] elements in the alternative, and thereby define multiple crimes" with "one that enumerates various factual means of committing a single element").

The structure of the statute reinforces that conclusion. One of the alternate elements of the crime is "force or coercion." Mich. Comp. Laws § 750.520e(1)(b) (2003). However, the statute prescribed several "means" of proving force or coercion — five to be exact. Mich. Comp. Laws § 750.520e(1)(b)(i)-(v). But the statute otherwise has a "divisible" structure because "it defines multiple alternate 'elements' of an offense." *Mathis*, 136 S. Ct. at 2248. Therefore, it was proper for the Court to employ the modified categorical approach — and consult the transcript of the plea colloquy — "to assess whether the plea was to the version of the crime in the [Michigan] statute . . . corresponding to the generic offense." *Descamps*, 133 S. Ct. at 2285 (citing *Shepard,* 544 U.S. 13); *see also ibid.* (explaining that "[b]y reviewing the extra-statutory materials approved in those cases, courts could discover 'which statutory phrase,' contained within a statute listing 'several different' crimes, 'covered a prior conviction'" (citing *Nijhawan v. Holder,* 557 U.S. 29 (2009)); and *ibid.* (explaining that "[i]f at least one, but not all of those crimes matches the generic version, a court

-11-

needs a way to find out which the defendant was convicted of. That is the job, as we have always understood it, of the modified approach: to identify, from among several alternatives, the crime of conviction so that the court can compare it to the generic offense").

With that understanding of the purpose and proper application of the modified categorical approach, it is apparent that *Descamps* did not announce a new rule that identified a right upon which Vanbuhler can rely in challenging his state court conviction as a sentence enhancer in this case. *Descamps* — nor *Mathis*, for that matter — does not call into question this Court's application of the modified categorical approach in this case. Moreover, the Supreme Court did not view the rule announced in *Descamps* as "new." *See Descamps*, 133 S. Ct. at 2285 (observing that "[a]pplied in that way — *which is the only way we have ever allowed* — the modified approach merely helps implement the categorical approach when a defendant was convicted of violating a divisible statute") (emphasis added). *Descamps* is not a case that announced a "right [that] has been newly recognized by the Supreme Court" that is helpful to Vanbuhler's arguments. Therefore, that case does not restart the one-year statute of limitations for section 2255 cases under 28 U.S.C. § 2255(f)(3).

### III.

The petitioner has not identified any decision by the Supreme Court handed down within a year of the filing of the present motion that initially identified a right on which he now relies. Therefore, 28 U.S.C. § 2255(f)(3) will not restart the one-year statute of limitations applicable to 2255 motions. The petitioner's motion was filed out of time and must be denied for that reason.

Accordingly, it id **ORDERED** that the motion to vacate sentence [dkt. #44] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
Dated: July 27, 2016    United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 27, 2016.

                s/Susan Pinkowski
                SUSAN PINKOWSKI